UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

SHEIK A.L. MARTIN ALI EL-BEY,          )
                                        )
           Plaintiff,                   )
                                        )
     v.                                 )   No. 4:20-CV-1510-NCC
                                        )
KANSAS CITY, MISSOURI POLICE            )
DEPARTMENT AND ITS                      )
COMMISSIONERS,                          )
                                        )
           Defendants.                  )

**MEMORANDUM AND ORDER**

This matter is before the Court on review of self-represented plaintiff Sheik A.L. Martin Ali El-Bey's civil rights complaint. Plaintiff is a civilly committed person currently housed at Fulton State Hospital in Fulton, Missouri. For the reasons set forth below, the Court concludes this action should be dismissed for lack of venue and for failure to state a claim upon which relief may be granted.[1]

**28 U.S.C. § 1915(e)**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed *in forma pauperis* if, *inter alia*, it is frivolous, malicious, or fails to state a claim upon which relief can be granted. An action is frivolous if "it lacks an arguable basis in either law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). Dismissals on this ground should only be ordered when legal theories are "indisputably meritless," or when the claims rely on "clearly baseless" factual

---

[1] Although plaintiff did not file a motion to proceed *in forma pauperis* in this action, he filed a motion for leave to proceed *in forma pauperis* in a similar action filed in this Court against these same defendants two days prior to filing this action. *See Ali El-Bey v. Kansas City, Mo. Police Dep't and its Comm'rs*, No. 4:20-CV-1477-SRW (E.D. Mo. filed October 13, 2020). The Court will take notice that plaintiff has not paid the filing fee and seeks *in forma pauperis* status in this Court.

allegations. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). "Clearly baseless" factual allegations include those that are "fanciful," "fantastic," and "delusional." *Id.* at 32-33 (quoting *Neitzke*, 490 U.S. at 325, 327). "As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Id.* at 33.

## The Complaint

The complaint names as defendants the Kansas City, Missouri Police Department and its Commissioners. Plaintiff's allegations are indecipherable, although he appears to seek $777,000,000,000 against defendants. He states, in part:

> Granting Petitioner special evidentiary hearing proceedings concerning his requests for special federal relief in the form of writs of habeas and mandamus are extraordinary proceedings and require that a petitioner such as plaintiff herein shall be provided evidentiary hearing adequate opportunity to present further federal witness testimony, offer exhibit documentary evidence at said hearing proceedings and to the extent an opportunity to prove his civil claims. In conformity with the Federal Rules of Civil Procedure as well as Act 15 and Act 18 of OUR Booklet of Rules and Regulations of The Moorish Science Temple of America, Inc. as part of IT original complaint relief request for special federal Moorish Masonic bona fide adept official. Meeting session conference proceedings in this above-styled case. Including but not limited to: Further evidentiary hearing proceedings shall be provided upon these foregoing (pro se) request in the interest of both justice and U.S. National Security.

Plaintiff attaches to his complaint "Exhibit 77," which he refers to as the "Corporate Seal of the Moorish Science Temple of America, Inc.," and "Lion of Judah Science." In lay terms, the exhibit is an intricately drawn and colored lion. Page two of the exhibit is handwritten and appears to be part of "OUR Moorish Holy Koran of The Moorish Science Temple of America holy and divine instruction Chapter 5." Page two is incomprehensible, disjointed and refers to documents that do not exist in the record. Plaintiff also attaches Exhibit 1A to his complaint, titled Holy Instructions. This document seeks to declare that defendants are engaged in an unlawful conspiracy and attempted murder against "(IT—The Royal Prince Physical Human Form)."

## Discussion

*(1) Venue*

Pursuant to 28 U.S.C. § 1391(b), venue over civil rights actions properly lies only in: (1) a judicial district where any defendant resides, if all defendants reside in the same State; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found if there is no district in which the action may otherwise be brought. If venue does not properly lie in the district where the action is filed, the Court must either dismiss the action, or if it be in the interest of justice, transfer the action to the proper district. 28 U.S.C. § 1406(a).

In the instant action, defendants Kansas City, Missouri Police Department and its Commissioners reside in the Western District of Missouri. Moreover, plaintiff is housed at Fulton State Hospital in Callaway County, Missouri, which is also in the Western District of Missouri. *See* 28 U.S.C. § 105(b)(4). To the extent the Court could determine where a substantial part of the conduct complained of occurred, it would have occurred where plaintiff resides, which is in the Western District. Accordingly, pursuant to 28 U.S.C. § 1391(b)(2), venue for this action properly lies in the United States District Court for the Western District of Missouri.

*(2) Failure to State a Claim Pursuant to 28 U.S.C. § 1915(e)*

It also appears this action is subject to dismissal because it is factually frivolous. In the complaint and supplemental documents, plaintiff asserts claims that either entirely lack factual support, or are based upon irrational factual assertions. Such allegations rise to the level of the irrational or wholly incredible, and reflect the thoughts of a delusional individual. The Court therefore concludes that plaintiff's allegations are "clearly baseless" under the standard articulated in *Denton v. Hernandez*, 504 U.S. 25.

-4-

The Court does not find transfer of this action to the proper district court to be in the interest of justice. Because this action is subject to dismissal on initial review pursuant to 28 U.S.C. § 1915(e), the Court concludes that it would be futile to transfer this action to the proper district court. The Court will therefore dismiss this action.

Accordingly,

**IT IS HEREBY ORDERED** that this case is **DISMISSED without prejudice** for improper venue and failure to state a claim. *See* 28 U.S.C. § 1406(a); 28 U.S.C. § 1915(e).

An appropriate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 22d day January, 2021.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE